IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TENIKA MCQUEEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:24-cv-205-ECM-SMD |
| FELICIA FRANKLIN FLOWERS, | ) ) ) |
| Defendant. | ) ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is pro se Plaintiff Tenika McQueen's ("McQueen") Motion for Default (Doc. 15). On April 2, 2024, McQueen filed a complaint (Doc. 1) against Defendant Felicia Franklin Flowers ("Flowers") and moved to proceed *in forma pauperis*. Mot. (Doc. 2). Upon review of her motion, the undersigned ordered McQueen to file the long-form application to proceed *in forma pauperis*, Order (Doc. 8), which McQueen did, Mot. (Doc. 9). On April 23, 2024, the undersigned denied McQueen's motions to proceed *in forma pauperis* and ordered her to pay the Court's filing fee on or before May 6, 2024, in order to proceed with her lawsuit. Order (Doc. 12). McQueen paid the filing fee on April 30, 2024. (Doc. 13). Accordingly, a summons was issued to Flowers that day. Summons (Doc. 14).

McQueen filed the present motion for default on May 28, 2024. Mot. (Doc. 15). After filing this motion, McQueen filed a second proposed summons to Flowers, which was issued on June 3, 2024. Prop. Summons (Doc. 16); Summons (Doc. 17).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Once the clerk of court enters default, "the party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2).

Here, it is not clear from McQueen's motion whether she moves for a clerk's entry of default or for default judgment. Regardless, neither is appropriate at this time. To date, the Court has not received an executed summons—or any other indication that the first summons was received—from Flowers. Further, USPS Tracking indicates that the first summons has not yet been delivered to Flowers. *See* USPS Tracking, #70220410000340737172.[1] Therefore, it does not appear that service has been properly effectuated, and entry of default would be premature at this time.

Accordingly, the undersigned Magistrate Judge RECOMMENDS that McQueen's motion for default (Doc. 15) be DENIED. It is further

ORDERED that McQueen shall file any objections to this Recommendation on or before **June 28, 2024**. McQueen must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar McQueen from a *de novo* determination by the District Court

---

[1] Notably, USPS Tracking indicates that the second summons has not yet been delivered either. *See* USPS Tracking, #70210350000075729091 (second summons). USPS Tracking also shows that the address on the second summons is incomplete. *Id.*

of legal and factual issues covered in the Recommendation and waives the right of McQueen to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 14th day of June, 2024.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE